GEORGE ADEE, RESPONDENT, *v.* MARIA HOWE, APPELLANT.

*Admissions—statements of counsel in summing up—not to be received as admissions of his client.*

This action was brought to recover the value of services rendered to the defendant in procuring a pension for her. It appeared that the plaintiff had been indicted and convicted in the United States Court for charging excessive fees for getting the pension. While that indictment was pending, he had returned to the defendant $110, which she had previously paid to him. On the trial of the indictment, his counsel, in summing up, had spoken of this as an act of generosity on his part. Upon this trial, this statement of his counsel was allowed to be proved as an admission of the plaintiff. *Held*, that it was error to allow the statement to be proved.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover the value of services rendered by the plaintiff to the defendant, in procuring a pension for her, her husband having been killed in the war. After the pension was procured, it was agreed that she should pay $110 for his services, and she did pay to him that amount. Subsequently, he was indicted and convicted in the United States District Court

for charging her an excessive amount for such services. Pending the indictment, he returned the $110 to her. Thereafter, this action was commenced to recover the value of such services.

*Adee & Shaw*, for the appellant.

*Robert T. Johnson*, for the respondent.

BOARDMAN, J.:

We think a new trial must be granted in this case for the error of the referee, in admitting as evidence against the plaintiff the declaration of his counsel upon the trial of an indictment against him in the United States Court. That was an indictment for taking excessive pay for services of the plaintiff in obtaining a pension for the defendant. While that indictment was pending, the plaintiff repaid to defendant the $110 which she had previously paid him for his services. This repayment was by plaintiff's counsel, on his argument before the jury, characterized as an act of generosity, and as a present of $110 by plaintiff to defendant. This was allowed to be proved as an admission by plaintiff, on the theory that the counsel was plaintiff's agent, and his declarations made in plaintiff's presence and not denied, bound the plaintiff as an admission.

There is no dispute between counsel in respect to the principles of law applicable to principals and agents. Hence, this question must be governed by the facts. An admission by an attorney, to bind his client, must be intended and understood to be such. Such was not this case. It must be within the scope of the attorney's authority in the proceedings he is engaged in. Such was not the fact here. The issue before the United States Court was the guilt or innocence of the plaintiff in taking fees for services. Whether he had repaid the money was not material; nor was it material upon what terms he had repaid it. Hence, the remark of the attorney was outside of the case, and of no importance to the issue then being tried. The attorney had no authority to make admissions binding his client, except such as properly related to the proceeding in which he was employed. His agency did not extend beyond that. But, beyond this, we think it would

be extravagant to allow the summing up of counsel, in whole or in part, to be used as evidence of his client's admissions, because the latter did not interrupt his counsel to correct the supposed error.   To entitle a remark of counsel to the character of an admission, it must have some degree of deliberation, purpose and recognition for that end.   (1 Gr. Ev., § 186.)   The only case cited directly in point is *Colledge* v. *Horn* (3 Bing., 119; S. C., 11 E. C. L. R., 59).   But it does not decide the question at all. One judge (BURROUGH) thinks such evidence is admissible.   No other judge concurs in his view, and the case is decided on another point.

Besides, it does not appear that plaintiff was present when any such remark was made by his counsel and heard it.   That is important; otherwise, he was not called upon to interrupt and deny it.   But it affirmatively appears that he heard no such remark, and hence could not be bound by it, as an implied admission by reason of his silence.

We are also inclined to think a further error occurred in the admission of Stoutenburg's evidence of conversations between him and Foote, and in the admission of Stoutenburg's letter to the defendant.   It is not apparent that such evidence was any part of the *res gestæ*, or was in any respect proper to establish the issue joined—that is, the amount of services rendered, the value of such services, or the legality of the claim therefor.   Foote may have been defendant's agent for certain purposes, but that would not justify the defendant in proving his declarations in her favor, as was here done with a person not a party to the action.

We think the record of conviction was not competent evidence in this case, except so far as it may tend to affect the credit due to the plaintiff as a witness.

We are also of the opinion that plaintiff may recover the value of his services, and for expenses paid at the defendant's request, if the amount be not restricted by the United States laws, unless the repayment of the $110 by plaintiff to defendant was a voluntary act, under no agreement or understanding between the parties for setting aside the former settlement and restoring them to their original rights.   If plaintiff, by such repayment, abandoned his claim against the defendant, and surrendered up any right to

be paid for his services and expenses, he should be bound thereby. But, if the money was repaid at the request of the defendant, or with her assent, and under an agreement that the former payment by the defendant, or this refunding by the plaintiff, should not affect the legal rights of the parties, then such facts ought not to be used to estop or prevent a fair examination of the merits and just disposition of the controversy.

For the reason first assigned, we think the judgment must be reversed and a new trial granted, costs to abide event and reference discharged.

LEARNED, P. J., and TAPPAN, J., concurred.

Judgment reversed; new trial granted, costs to abide event; reference discharged.